KATHRYN N. NESTER, Federal Public Defender (#13967)
BENJAMIN C. McMURRAY, Assistant Federal Public Defender (#9926)
FEDERAL PUBLIC DEFENDER OFFICE
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ANTHONY SHEEHAN, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 <br><br> Civil No. _____ <br> Crim. No. 2:02-CR-632 TC <br><br> (Filed pursuant to Standing Order 16-002.) |

Petitioner Michael Anthony Sheehan, through counsel, moves this Court to vacate his conviction and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*.[1]

## BACKGROUND

1. Mr. Sheehan pleaded guilty on July 11, 2003, to one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and two counts of unlawfully using a firearm during and relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).

2. The § 924(c) convictions were based on the violations of § 1951 in Counts 1 and 3.

3. On October 6, 2003, the court sentenced Mr. Sheehan to 441 months in prison.

---

[1] 135 S. Ct. 2551 (2015).

1

4. Judgment was entered on October 7, 2003.

5. Mr. Sheehan filed an appeal, and on June 15, 2004, his conviction and sentence were affirmed by the Court of Appeals.

6. Mr. Sheehan has not filed a § 2255 motion prior to this motion.

## GROUNDS FOR RELIEF

Mr. Sheehan's § 924(c) convictions should be vacated because Hobbs Act robbery cannot be classified as a crime of violence under *Johnson v. United States*.[2]  *Johnson* held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges" by "[tying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements" and left "uncertainty about how much risk it takes for a crime to qualify as a violent felony."[3]

The "residual clause" in the definition of "crime of violence" in § 924(c)(3)(B) is materially indistinguishable from the residual in ACCA and is, therefore, void for vagueness under *Johnson*.[4] Without the residual clause, Mr. Sheehan's violations of § 1951 cannot be crimes of violence because they do not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another" as required by § 924(c)(3)(A). Therefore, Mr. Sheehan is innocent of the § 925(c) offenses, and his conviction is void.

Because Mr. Sheehan's § 1951 convictions do not qualify categorically as a crime of violence under § 924(c) after *Johnson*, his § 924(c) convictions (1) violate Due Process, (2)

---

[2] 135 S. Ct. 2551 (2015).
[3] *Id.* at 2557.
[4] *See, e.g., United States v. Gonzalez-Longoria*, 813 F.3d 225, 227 (5th Cir. 2016) (applying *Johnson* to identical residual clause in § 16(b)) (vacated for rehearing en banc); *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (same); *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015) (same).

violate the laws of the United States and result in a fundamental miscarriage of justice, and (3) were entered in excess of this court's jurisdiction.

The Supreme Court has held that *Johnson* is a substantive new rule that applies retroactively to cases that are final.[5] This motion is timely because it was filed within one year from the date that the Supreme Court issued its decision in *Johnson*.[6]

## RELIEF REQUESTED

For these reasons, Mr. Sheehan is entitled to relief under 28 U.S.C. § 2255(a). He asks the court to vacate his § 924(c) convictions and schedule a hearing for resentencing.

Pursuant to Standing Order 16-002, Mr. Sheehan asks the court to stay this motion until such time as he submits a supplemental brief in support of this motion.

DATED this 2nd day of June, 2016.

/s/ Benjamin C. McMurray
Benjamin C. McMurray
Assistant Federal Public Defender

---

[5] *Welch v. United States*, 136 S. Ct. 1257 (2016).
[6] 28 U.S.C. § 22559(f)(3).

3