IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ANTHONY SHEEHAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-00468-TC<br><br>District Judge Tena Campbell |

Petitioner Michael Anthony Sheehan has filed an Amended Motion to Vacate his conviction and correct his sentence under 28 U.S.C. § 2255. ECF No. 3. He has supported his motion with a Supplemental Brief, ECF No. 11, and a Reply in support of his brief, ECF No. 13. The United States has filed a Response to Mr. Sheehan's brief. ECF No. 12. It has also filed a Notice of Supplemental Authority, ECF No. 14, to which Mr. Sheehan responded, ECF No. 15.

For the following reasons, the court DENIES Mr. Sheehan's motion, ECF No. 3, DENIES his request for a hearing on this matter, ECF No. 15, and DENIES a certificate of appealability.

## BACKGROUND

In 2003, Mr. Sheehan pled guilty to one count of Hobbs Act Robbery, 18 U.S.C. § 1951(a), and two counts of Using or Carrying a Firearm in Relation to a Crime of Violence, 18 U.S.C. § 924(c). J., ECF No. 43 in United States v. Sheehan, No. 2:02-cr-00632-TC. At that time all remaining counts were dismissed on the motion of the United States, and Mr. Sheehan was sentenced to 441 months incarceration followed by 36 months' supervised release. Id. In 2004, the Tenth Circuit affirmed his conviction and sentence. J., ECF No. 67 in id.

In 2022, Mr. Sheehan moved to have his sentence reduced under 18 U.S.C. § 3582(c)(1)(A)(i). Joint Mot. Reduce/Modify Sentence, ECF No. 86 in id. The court granted this motion and Mr. Sheehan's sentence was reduced to 225 months total in custody with a term of 36 months' supervised release upon release from custody. Order Granting Mot. Reduce Sentence, ECF No. 88 in id.

Mr. Sheehan filed his § 2255 motion in 2016. Mot. Vacate, ECF No. 1 in 2:16-cv-00468-TC.[1] He amended it in 2020. ECF. No. 3. While the case was previously stayed under D. Utah Standing Order 16-002, the stay was lifted on May 5, 2022. Order Lifting Stay, ECF No. 9. The parties have since briefed the matter. ECF Nos. 11–15.

## ANALYSIS

As Mr. Sheehan notes, the central question raised by his petition is whether Hobbes Act robbery is categorically a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). ECF No. 11 at 2. The Tenth Circuit recently answered this question in United States v. Baker, No. 20-3062, 2022 WL 3371011 (10th Cir. Aug. 16, 2022). There it reiterated that, yes, Hobbes Act robbery is categorically a crime of violence under the elements clause. Id. at *5–8.[2]

In Melgar-Cabrera the Tenth Circuit "employ[ed] the categorical approach" to "conclu[de] that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)." See 892 F.3d at 1060 n.4, 1061. In Baker, the Tenth Circuit affirmed this conclusion, observing that it had "concluded in Melgar-Cabrera that Hobbs Act robbery is

---

[1] All subsequent citations to court documents in this Order cite to documents from the current case: Sheehan v. United States, 2:16-cv-00468-TC.

[2] "[C]ourts and litigants alike refer synonymously to the language of § 924(c)(3)(A) as either the 'elements or force clause.'" Baker, 2022 WL 3371011, at *1 n.2 (citing United States v. Melgar-Cabrera, 892 F.3d 1053, 1060 (10th Cir. 2018)); see id., at *6 (using "elements clause"); ECF No. 11 at 2 (using "force clause").

*categorically* a crime of violence." 2022 WL 3371011 at *6 (citing Melgar-Cabrera, 892 F.3d at 1061). It elaborated that it was important that it "reached this crime-of-violence determination under a categorical approach . . . because it means that, in effect, we concluded that every act—including the least of the acts—criminalized by Hobbs Act robbery constitutes a crime a violence." Id. The Tenth Circuit went on to clarify that "[i]n our subsequent published decisions, we have left no doubt regarding the categorical scope of our holding in Melgar-Cabrera." Id.; see also United States v. Jefferson (Jefferson II), 989 F.3d 1173, 1175 n.1 (10th Cir. 2021) cert. denied, 142 S. Ct. 353 (2021) (reiterating Melgar-Cabrera's holding that Hobbes Act robbery is categorically a crime of violence under § 924(c)(3)(A)).

The Tenth Circuit's analysis in Baker underscores the categorical scope of the Melgar-Cabrera holding and answers the central question raised by Mr. Sheehan's petition.[3] The court is persuaded that Mr. Sheehan's motion has been foreclosed by the Tenth Circuit's conclusion that Hobbes Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A).

## CONCLUSION

Finding no valid ground for Mr. Sheehan to collaterally attack his sentence, **IT IS ORDERED** that Mr. Sheehan's 28 U.S.C. § 2255 petition is DENIED. His request for a hearing on these issues, see ECF No. 15, is also DENIED. Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court also DENIES a certificate of appealability. Mr. Sheehan has

---

[3] While the parties briefed other issues, including the issue of whether Mr. Sheehan is procedurally barred from bringing his claim, ECF No. 12 at 3; ECF 13 at 1–2, the Tenth Circuit's clear language in Baker and elsewhere allows the court to resolve Mr. Sheehan's motion based on the central question of whether Hobbes Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A), see, e.g., Baker, 2022 WL 3371011, at *6–8; Jefferson II, 989 F.3d at 1175 n.1.

3

failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 6th day of September, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge